**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| JORGE BILLY RAMOS MENDOZA, AKA Jorge Ramos, AKA Jorge Billy Ramosmendoza, | No. 10-73804 |
| Petitioner, | Agency No. A094-316-946 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 17, 2014
San Francisco, California

Before: HAWKINS and RAWLINSON, Circuit Judges, and LYNN, District Judge.**

Jorge Billy Ramos Mendoza (Ramos-Mendoza) petitions for review of the

Board of Immigration Appeals (BIA) ruling dismissing his challenge to a decision

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Barbara M. G. Lynn, District Judge for the U.S. District Court for the Northern District of Texas, sitting by designation.

by the immigration judge (IJ) denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Ramos-Mendoza specifically challenges the determination that he did not file his asylum application within a reasonable period of time following a changed circumstance, and that the extraordinary circumstances exception is inapplicable. Ramos-Mendoza also disputes the BIA's conclusion that he failed to demonstrate a well-founded fear of future persecution on account of his mental illness.

1.     Even if Ramos-Mendoza's application were timely, substantial evidence supports the BIA's finding that his fear of inadequate medication and physical harm from others if he becomes aggressive is speculative. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (confirming that speculative fears fail to establish an objectively reasonable fear of future persecution). Ramos-Mendoza's father stated in his declaration that the family will continue to take care of Ramos-Mendoza, and his sister did not declare that she would be unable to support him if he returned to El Salvador. Moreover, his brother testified that he lived with Ramos-Mendoza in El Salvador when they were young and that Ramos-Mendoza exhibited "many symptoms" at the time but did not experience any problems with Salvadoran law enforcement.

**2.** Ramos-Mendoza sufficiently raised his withholding of removal claim in his opening brief. *See Guo v. Ashcroft*, 361 F.3d 1194, 1199 (9th Cir. 2004). However, we reject his challenge to the BIA's denial of his application for withholding of removal because "[a]n applicant who fails to satisfy the standard of proof for asylum also fails to satisfy the more stringent standard for withholding of removal." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 n.4 (9th Cir. 2014), *as amended* (citation omitted).

**3.** Ramos-Mendoza did not waive his CAT claim even though he failed to raise it before the BIA, because the BIA affirmed the IJ's denial of CAT relief on the merits. *See Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005) (en banc) ("When the BIA has ignored a procedural defect and elected to consider an issue on its substantive merits, we cannot then decline to consider the issue based upon this procedural defect. . . .") (citation omitted). Nevertheless, substantial evidence supports the BIA's determination that Ramos-Mendoza failed to establish that "it is more likely than not" he would be tortured if removed to El Salvador. 8 C.F.R. § 1208.16(c)(2). The record does not reflect that mentally ill individuals are intentionally harmed by government officials or with the acquiescence of such officials. Neither does the record reflect that medical professionals administer

treatment with the specific intent to "inflict severe physical or mental pain or suffering" onto mentally ill patients. *Villegas v. Mukasey*, 523 F.3d 984, 988-89 (9th Cir. 2008) (citation omitted).

**PETITION DENIED.**